UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 5:11-CV-11

**TERRELL W. HAM**                                                                                                **PLAINTIFF**

**v.**

**MARSHALL COUNTY, KENTUCKY, ET AL.,**                                              **DEFENDANT**

### OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (DN 88) Defendants Sterling Emergency Services of the Midwest, Inc. ("Sterling") and Scott Wilson to produce a privilege log. Defendants have responded (DN 94), attaching to their Response the requested privilege log (DN 94-1). Plaintiff subsequently filed a Motion for Expenses (DN 96) incurred in connection with his Motion to Compel. This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Compel (DN 88) is DENIED AS MOOT, and Plaintiff's Motion for Expenses (96) is DENIED.

### ANALYSIS

Because Defendants have disclosed the requested privilege log, Plaintiff's motion to compel is moot. Plaintiff has requested expenses for preparing the motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Rule 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must require ... the party or attorney whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Rule further provides that the Court "must not order

this payment if … the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

The Court does not find that sanctions are warranted here. It appears Defendants did not act in bad faith. They acted with reasonable promptness and their initial refusal to disclose the requested information appear grounded in a good faith belief they were legally entitled to do so under the Federal Rules. Additionally, without an order from this Court, Defendants voluntarily disclosed the privilege log by attaching it to their response. Plaintiff also does not argue that it has been prejudiced by Defendants' delay in disclosing the requested information. Therefore, the Court finds no reason to grant Plaintiff its request for expenses.

## CONCLUSION

The Court being duly and sufficiently advised, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (DN 88) is DENIED AS MOOT. Plaintiff's Motion for Expenses (DN 96) is also DENIED.